IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.  Case Nos.:  4:12cr65/RH/CAS
              4:16cv296/RH/CAS

JERRY KEITH SHIVER,

      Defendant.

___

### **REPORT AND RECOMMENDATION**

This matter is before the court upon Defendant's "Motion, Sentence Reduction, and Vacatur, Pursuant to, 28 U.S.C. § 2255(f)(3), Johnson Claim." (ECF No. 138). This motion was not presented on the proper court form. Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that amendment would be futile because Defendant's motion should be summarily dismissed.

## BACKGROUND and ANALYSIS

Defendant Jerry Keith Shiver pleaded guilty to five counts of a ten count indictment. Specifically, his guilty plea encompassed the following charges: (1) conspiracy to distribute more than five grams of actual methamphetamine, oxydocone and methadone (Count 1); (2) distribution of methamphetamine (Count 6); (3) possession with intent to distribute methamphetamine, oxycodone and methadone (Count 8); (4) possession of a firearm in furtherance of a drug trafficking crime (Count 9); and (5) felon in possession of a firearm (Count 10). (ECF No. 42). The court sentenced Defendant to a term of 60 months on Counts 1, 6, 8, and 10, followed by the statutory mandatory minimum term of 60 months consecutive on Count 9. (ECF No. 91). Judgment was entered on April 24, 2013, and Defendant did not appeal.[1]

Defendant now seeks § 2255 relief pursuant to the Supreme Court's 2015 decision in <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015) and the Court's 2016 decision in <u>Molina-Martinez v. United States</u>, 136 S.Ct. 1338 (2016). In <u>Johnson</u>, the Supreme Court held that the so-called residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C.

---

[1] Defendant filed a motion for relief pursuant to 18 U.S.C. § 3582 in January of 2015 which remains pending.

§ 924(e)(2)(b)(ii), was unconstitutionally vague, while in Molina-Martinez the Court held that an error in the calculation of the sentencing guidelines affects a defendant's substantial rights and entitles him to resentencing. The Supreme Court has held that the Johnson decision applies retroactively on collateral review. Welch v. United States, 136 S.Ct. 1257 (2016). Therefore, to the extent Defendant's motion is based on Johnson, it is timely filed pursuant to 28 U.S.C. § 2255(f)(3). Substantively, however, Defendant's motion is without merit.

The Second Amended Presentence Investigation Report reflects that, in light of Defendant's relatively minor criminal history, neither the Armed Career Criminal enhancement of 18 U.S.C. § 924(e) nor the § 4B1.1 Sentencing Guidelines Career Offender adjustment applied in his case. (ECF No. 86). Defendant contends that he is entitled to relief because the reasoning in Johnson has been applied, at least by the Seventh Circuit, to invalidate 18 U.S.C. § 16(b), which contains the following definition of a crime of violence:

(a) An offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(b) Any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of

another may be used in the course of committing the offense. See <u>United States v. Vivas-Ceja</u>, 808 F.3d 719 (7th Cir. 2015). This generic definition of a crime of violence is identical to the definition contained within 18 U.S.C. § 924(c)(3). In order to secure a conviction under 18 U.S.C. § 924(c)(1), the statute of conviction in Count 9, the Government must establish that a person used or carried a firearm during and in relation to any crime of violence or drug trafficking crime, or that the individual possessed a firearm in furtherance of such a crime. Despite the variety of conduct that would support a § 924(c) conviction, the charged offense conduct in Defendant's case was limited to possession of a firearm in furtherance of a drug trafficking crime, to wit, Count 8 of the indictment. (ECF No. 9 at 4-5). No crime of violence provided the basis for Defendant's conviction on Count 9, and therefore the "residual clause" of 18 U.S.C. § 924(c)(3) had no bearing upon Defendant's conviction and sentence. Therefore, even if <u>Johnson</u> had invalidated a portion of § 924(c)(3), Defendant would not be entitled to relief on this basis. His motion should be summarily denied and dismissed.

Case Nos.: 4:12cr65/RH/CAS; 4:16cv296/RH/CAS

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.  The motion to vacate, set aside, or correct sentence (ECF No. 60) be summarily **DENIED and DISMISSED**.

Case Nos.: 4:12cr65/RH/CAS; 4:16cv296/RH/CAS

2. A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 24th day of May 2016.

        s/ Charles A. Stampelos
        **CHARLES A. STAMPELOS**
        **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 4:12cr65/RH/CAS; 4:16cv296/RH/CAS