IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.  Case Nos.: 4:12cr65/RH/CAS
    4:16cv460/RH/CAS

JERRY KEITH SHIVER,

    Defendant.

---

## **O R D E R**

This matter is before the court upon Defendant's motion to amend or correct sentence pursuant to Amendment 794 of the Sentencing Guidelines and title 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. (ECF No. 146).  Amendment 794 does not provide an independent jurisdictional basis for relief.  Thus Defendant's request for relief is properly considered under the Rules Governing Section 2255 Proceedings.   Rule 4(b) of these rules provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  After a review of the record, it is

the opinion of the undersigned that the court is without jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.

## BACKGROUND and ANALYSIS

Defendant Jerry Keith Shiver pleaded guilty to five counts of a ten count indictment. Specifically, his guilty plea encompassed the following charges: (1) conspiracy to distribute more than five grams of actual methamphetamine, oxydocone and methadone (Count 1); (2) distribution of methamphetamine (Count 6); (3) possession with intent to distribute methamphetamine, oxycodone and methadone (Count 8); (4) possession of a firearm in furtherance of a drug trafficking crime (Count 9); and (5) felon in possession of a firearm (Count 10). (ECF No. 42). The court sentenced Defendant to a term of 60 months on Counts 1, 6, 8, and 10, followed by the statutory mandatory minimum term of 60 months consecutive on Count 9. (ECF No. 91). Judgment was entered on April 24, 2013, and Defendant did not appeal.[1]

On May 20, 2016, Defendant filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence seeking relief pursuant to the

---

[1] Defendant filed a motion for relief pursuant to 18 U.S.C. § 3582 which was denied on June 12, 2016. (ECF No. 141).

Case Nos.: 4:12cr65/RH/CAS; 4:16cv460/RH/CAS

Supreme Court's 2015 decision in <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015) and the Court's 2016 decision in <u>Molina-Martinez v. United States</u>, 136 S.Ct. 1338 (2016). (ECF No. 138). Defendant's motion was denied, and a certificate of appealability was denied. (ECF Nos.139, 142, 143). Defendant filed a motion to alter or amend the judgment which was also denied. (ECF Nos. 144, 145).

In the instant motion, Defendant seeks sentencing relief under Amendment 794 of the Sentencing Guidelines. (ECF 146). Before a second or successive application for § 2255 relief is filed in the district court, a defendant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); <u>Felker v. Turpin</u>, 518 U.S. 651 (1996); <u>United States v. Holt</u>, 417 F.3d 1172, 1175 (11th Cir. 2005); <u>Carter v. United States</u>, 405 Fed. App'x. 409 (11th Cir. 2010). Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion. Therefore, the instant motion to vacate must be dismissed. In addition, the court notes that Defendant could have raised the instant claim

Case Nos.: 4:12cr65/RH/CAS; 4:16cv460/RH/CAS

in his first § 2255 motion filed in May of 2016, but he failed to do so. (*See* ECF No. 138).

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this

recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant's motion to amend or correct sentence pursuant to Amendment 794 and 28 U.S.C. § 2255 (ECF No. 146) be **SUMMARILY DISMISSED**.

2. A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this   11th    day of August, 2016.

S\  CHARLES A. STAMPELOS
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 4:12cr65/RH/CAS; 4:16cv460/RH/CAS