IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


UNITED STATES OF AMERICA

v.                                              CASES NO.  4:12cr65-RH/CAS
                                                           4:16cv460-RH/CAS
JERRY KEITH SHIVER,

      Defendant.

_____/


ORDER DENYING A SENTENCE
REDUCTION UNDER AMENDMENT 794


      The defendant Jerry Keith Shiver is serving a sentence in the Bureau of Prisons.  He has moved to reduce his sentence under United States Sentencing Guidelines Amendment 794.  The motion cites, as one basis for relief, 28 U.S.C. § 2255.  The magistrate judge entered an order treating the motion as a second or successive § 2255 motion and dismissing the motion on that basis.  A defendant cannot file a second or successive § 2255 motion unless authorized to do so by the court of appeals.  Mr. Shiver has objected to the magistrate judge's order.  I have reviewed the issues de novo.

      A defendant may seek relief under a guideline amendment that has been made retroactive by the Sentencing Commission.  Such relief is available under 18

U.S.C. § 3582(c).  The limitation on second or successive § 2255 motions does not affect the availability of such relief.

Amendment 794 addresses a defendant's role in the offense of conviction. Mr. Shiver asserts his range would have been lower had the amendment been in effect when he was sentenced.  That is not so, but it does not matter, because Amendment 794 has not been made retroactive.  A court cannot reduce a sentence based on this amendment.

Under 18 U.S.C. § 3582(c), a district court "may not modify a term of imprisonment once it has been imposed," subject to specific exceptions.  The only exception dealing with guideline amendments provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*.

*Id.* § 3582(c)(2) (emphasis added).

The "applicable policy statements issued by the Sentencing Commission," within the meaning of § 3582(c)(2), are set out in *United States Sentencing Guidelines Manual* § 1B1.10.  That section lists the amendments that may be applied retroactively—that is, the amendments under which a court may reduce a sentence that has already been imposed.

The Commission has not added Amendment 794 to the list of retroactive amendments. A court thus may not reduce a sentence under Amendment 794.

To appeal the denial of a § 2255 motion, a defendant must obtain a certificate of appealability. Mr. Shiver has not met the standard for such a certificate. But a defendant may appeal the denial of a § 3582(c) motion without a certificate of appealability.

For these reasons,

IT IS ORDERED:

1. The motion to reduce the sentence, ECF No. 146, is denied.

2. A certificate of appealability is denied.

SO ORDERED on August 30, 2016.

        s/Robert L. Hinkle  
        United States District Judge