IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.                                       Case Nos.: 4:12cr65/RH/CAS
                                                  4:17cv273/RH/CAS
JERRY KEITH SHIVER,

　　　　Defendant.
_____

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's letter motion seeking a sentence reduction and recalculation pursuant to 28 U.S.C. § 2255 and a request for appointment of counsel. (ECF No. 173). While Defendant has not utilized the proper court form for § 2255 cases, Rule 4(b) of these rules provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the court is without jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.

## BACKGROUND and ANALYSIS

In November of 2012, Defendant Jerry Keith Shiver pleaded guilty to five counts of a ten count indictment. Specifically, his guilty plea encompassed the following charges: (1) conspiracy to distribute more than five grams of actual methamphetamine, oxydocone and methadone (Count 1); (2) distribution of methamphetamine (Count 6); (3) possession with intent to distribute methamphetamine, oxycodone and methadone (Count 8); (4) possession of a firearm in furtherance of a drug trafficking crime (Count 9); and (5) felon in possession of a firearm (Count 10). (ECF No. 42). The court sentenced Defendant to a term of 60 months on Counts 1, 6, 8, and 10, all concurrent, followed by the statutory mandatory minimum term of 60 months consecutive on Count 9. (ECF No. 91). Judgment was entered on April 24, 2013, and Defendant did not appeal.[1]

On May 20, 2016, Defendant filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence seeking relief pursuant to the Supreme Court's 2015 decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and the Court's 2016 decision in *Molina-Martinez v. United*

---

[1] Defendant filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582 and Amendment 782, which was denied on June 12, 2016. (ECF Nos. 119, 141).

Case Nos.: 4:12cr65/RH/CAS; 4:17cv273/RH/CAS

*States*, 136 S. Ct. 1338 (2016). (ECF No. 138). Defendant's motion was denied, and a certificate of appealability was denied. (ECF Nos.139, 142, 143). Defendant then filed a motion to alter or amend the judgment which was denied. (ECF Nos. 144, 145). On July 22, 2016, Defendant filed a § 2255 motion seeking sentencing relief under Amendment 794 of the Sentencing Guidelines. (ECF No. 146). Defendant's motion was denied, and a certificate of appealability was denied. (ECF No. 149). Defendant appealed this denial; however, the appeal was dismissed for failure to prosecute. (*See* ECF Nos. 150, 155, 163). On January 13, 2017, Defendant filed a second motion for retroactive application of Amendment 794 of the Sentencing Guidelines which was denied. (ECF Nos. 159, 162).

In the instant motion, Defendant seeks to have his sentence modified such that his sentences run concurrently, instead of consecutively, citing as support *Johnson*, *supra*, and *Dean v. United States*, 137 S. Ct. 1170 (2017) (holding that nothing in the statute setting mandatory minimum sentences for using or possessing a firearm in connection with a violent or drug trafficking crime restricts the authority of sentencing courts to consider a sentence imposed under the mandatory minimum statute when calculating

a just sentence for the predicate count).  Before a second or successive application for § 2255 relief is filed in the district court, a defendant must move in the appropriate court of appeals for an order authorizing the district court to consider the application.  See 28 U.S.C. § 2244(b)(3) and § 2255(h); *Felker v. Turpin,* 518 U.S. 651 (1996); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); *Carter v. United States,* 405 F. App'x. 409 (11th Cir. 2010).  While acknowledging this requirement in his motion, Defendant argues that *Dean* created a new substantive rule of law which a district court may consider without prior authorization.  (ECF No. 173 at 1). Defendant's assertion is without merit.  The *Dean* decision did not change the rules which require authorization from the appropriate court of appeals to file a second or successive motion under § 2255.  Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion.  Therefore, the instant motion to vacate must be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section § 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a

certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. Defendant's letter motion seeking a sentence reduction and recalculation pursuant to 28 U.S.C. § 2255 and request for appointment of counsel, (ECF No. 173), be **SUMMARILY DISMISSED**.

Case Nos.: 4:12cr65/RH/CAS; 4:17cv273/RH/CAS

2. A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 12th day of July, 2017.

>S\ CHARLES A. STAMPELOS
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 4:12cr65/RH/CAS; 4:17cv273/RH/CAS