# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                                    CASES NO.  4:12cr65-RH/CAS
                                                                 4:17cv273-RH/CAS

JERRY KEITH SHIVER,

       Defendant.

_____/


## ORDER DISMISSING PETITION


     The defendant Jerry Keith Shiver has filed a second motion for relief under

28 U.S.C. § 2255. The motion is before the court on the magistrate judge's report

and recommendation, ECF No. 174. No objections have been filed.

     The report and recommendation correctly concludes that the court lacks

jurisdiction over the defendant's motion. A defendant can pursue a second or

successive § 2255 motion only if authorized by the appropriate court of appeals—

in this case, the United States Court of Appeals for the Eleventh Circuit. The

Eleventh Circuit has not authorized Mr. Shiver to file a second or successive

§ 2255 motion.

It bears noting, too, that Mr. Shiver's motion is unfounded on the merits. He cites *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held unconstitutionally vague the "residual clause" in the armed-career-criminal statute, 18 U.S.C. § 924(e). Mr. Shiver was not sentenced as an armed career criminal. His conviction and sentence would be the same after *Johnson* as before.

Mr. Shiver also cites *Dean v. United States*, 137 S. Ct. 1170 (2017). That case accepts the view I have always followed—and followed in Mr. Shiver's case. When a defendant is convicted of a drug crime and also of possessing a firearm in furtherance of the drug crime, *see* 18 U.S.C. § 924(c), the court may, in determining the sentence on the drug crime, take into account the mandatory consecutive sentence that will be imposed under § 924(c). Mr. Shiver was properly sentenced on this basis—an approach *Dean* later confirmed was proper. Mr. Shiver's conviction and sentence would be the same after *Dean* as before.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v.*

*Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a

§ 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a
> substantial showing of the denial of a constitutional right, a
> demonstration that, under *Barefoot*, includes showing that
> reasonable jurists could debate whether (or, for that matter, agree
> that) the petition should have been resolved in a different manner
> or that the issues presented were "adequate to deserve
> encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to

obtain a certificate of appealability when dismissal is based on procedural grounds,

a petitioner must show, "at least, that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and

that jurists of reason would find it debatable whether the district court was correct

in its procedural ruling." *Id.* at 484.

The defendant has not made the required showing. This order thus denies a

certificate of appealability.

For these reasons,

IT IS ORDERED:

1. The report and recommendation is accepted.

2. The clerk must enter judgment stating, "The second or successive § 2255

motion, ECF No. 173, is denied for lack of jurisdiction."

3. A certificate of appealability is denied.

4. The clerk must close the file.

SO ORDERED on August 30, 2017.

s/Robert L. Hinkle
United States District Judge