IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.  Case Nos.:  4:12cr65/RH/CAS
     4:16cv296/RH/CAS

JERRY KEITH SHIVER,
    Defendant.

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant Jerry Keith Shiver's "Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" and Memorandum of Law. (ECF Nos. 177, 178.) Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Shiver has not obtained leave from the Eleventh Circuit to file a second or successive § 2255 motion, and this motion should be denied because the district court does not have jurisdiction to consider the merits of the Shiver's claims.

## BACKGROUND and ANALYSIS

Defendant Jerry Keith Shiver pleaded guilty to five counts of a ten count indictment. Specifically, his guilty plea encompassed the following charges: (1) conspiracy to distribute more than five grams of actual methamphetamine, oxycodone and methadone (Count 1); (2) distribution of methamphetamine (Count 6); (3) possession with intent to distribute methamphetamine, oxycodone and methadone (Count 8); (4) possession of a firearm in furtherance of a drug trafficking crime (Count 9); and (5) felon in possession of a firearm (Count 10). (ECF No. 42). The court sentenced Shiver to a term of 60 months on Counts 1, 6, 8, and 10, followed by the statutory mandatory minimum term of 60 months consecutive on Count 9. (ECF No. 91). Judgment was entered on April 24, 2013. Shiver did not appeal, but he has filed numerous post-conviction motions, including motions pursuant to 28 U.S.C. § 2255.

On May 20, 2016, Shiver filed a motion under 28 U.S.C. § 2255 seeking relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016). (ECF No. 138.) The court denied the motion. (ECF No. 142.) On August 30, 2016, the court denied Shiver's § 2255 motion seeking sentencing relief

Case Nos.: 4:12cr65/RH/CAS; 4:19cv483/RH/CAS

under Amendment 794 of the Sentencing Guidelines.  (ECF Nos. 146, 149.)  On February 8, 2017, the court denied Shiver's second motion for retroactive application of Amendment 794 of the Sentencing Guidelines. (ECF Nos. 159, 162.)  In August of 2017, the court denied as successive another § 2255 motion.  (ECF Nos. 173-175.)  The instant motion is also successive.

Before a second or successive application for § 2255 relief is filed in the district court, a defendant must move in the appropriate court of appeals for an order authorizing the district court to consider the application.  See 28 U.S.C. § 2255(b)(3) and § 2255(h); *Felker v. Turpin*, 518 U.S. 651 (1996); *United States v. Holt*, 417 F. 3d 1172, 1175 (11th Cirl 2005).  Shiver is required to obtain this authorization even though he relies on new Supreme Court decisions that were not previously available, *United States v. Davis,* 139 S. Ct. 2319 (2019) and *United States v. Rehaif*, 139 S. Ct. 2191 (2019).  Because he has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion, his latest motion to vacate must be dismissed.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Case Nos.: 4:12cr65/RH/CAS; 4:19cv483/RH/CAS

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.   The second or successive Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 177) be denied for lack of jurisdiction.

2.   A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 2nd day of October 2019.

s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   See 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 4:12cr65/RH/CAS; 4:19cv483/RH/CAS