**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

UNITED STATES OF AMERICA

v.                                            CASES NO.  4:12cr65-RH/CAS
                                                              4:16cv296-RH/CAS
JERRY KEITH SHIVER,

      Defendant.

_____/

**ORDER DENYING THE § 2255 MOTION AND
DENYING A CERTIFICATE OF APPEALABILITY**


The defendant Jerry Keith Shiver has moved under 28 U.S.C. § 2255 for

relief from his conviction under 18 U.S.C. § 924(c). That statute makes it a crime

to possess a firearm in furtherance of a crime of violence or drug-trafficking crime.

Mr. Shiver relies on *United States v. Davis*, 139 S. Ct. 2319 (2019). There the

Supreme Court held unconstitutional part of the § 924(c) definition of a crime of

violence. But Mr. Shiver was not convicted of possessing a firearm in furtherance

of a crime of violence; he was convicted of possessing a firearm in furtherance of a

drug-trafficking crime. *Davis* has nothing to do with it.

In any event, a defendant can pursue a second or successive § 2255 motion

only if authorized by the appropriate court of appeals—in this case, the United

States Court of Appeals for the Eleventh Circuit. The Eleventh Circuit has not

authorized Mr. Shiver to file a second or successive § 2255 motion. This court

would lack jurisdiction to grant relief on Mr. Shiver's motion even if it was

substantively well-founded, which it is not.

The § 2255 motion is before the court on the magistrate judge's report and

recommendation, ECF No. 179, and the objections, ECF No. 180. I have reviewed

de novo the issues raised by the objections. This order accepts the report and

recommendation and denies the § 2255 motion.

A defendant may appeal the denial of a § 2255 motion only if the district

court or court of appeals issues a certificate of appealability. Under 28 U.S.C.

§ 2253(c)(2), a certificate of appealability may issue "only if the applicant has

made a substantial showing of the denial of a constitutional right." *Miller-El v.

Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84

(2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v.

Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a

§ 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must
> make a substantial showing of the denial of a constitutional
> right, a demonstration that, under *Barefoot*, includes
> showing that reasonable jurists could debate whether (or, for
> that matter, agree that) the petition should have been
> resolved in a different manner or that the issues presented
> were "adequate to deserve encouragement to proceed
> further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Mr. Shiver has not made the required showing. This order thus denies a certificate of appealability.

IT IS ORDERED:

1. The clerk must enter judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is denied for lack of jurisdiction."

2. A certificate of appealability is denied.

SO ORDERED on October 28, 2019.

s/Robert L. Hinkle
United States District Judge